

RECEIVED
IN LAKE CHARLES, LA.

DEC -5 2014

TONY R. MOORE, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| EVA MATTHEWS WHITE, | * | CIVIL ACTION NO. 2:13-cv-2599 |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | JUDGE MINALDI |
| | * | |
| WAL-MART STORES, INC. | * | |
| | * | |
| Defendant. | * | MAGISTRATE JUDGE KAY |

************************************************************

<u>MEMORANDUM RULING</u>

Before the court is a Motion for Summary Judgment [Doc. 11], filed by Wal-Mart

Louisiana, LLC ("Wal-Mart"), to which the *pro se* plaintiff,[1] Eva Matthews White ("White"),

has filed no Opposition.  For the following reasons, Wal-Mart's motion [Doc. 11] is

**GRANTED.**

**FACTS & PROCEDURAL HISTORY**

On June 3, 2012, White was visiting Wal-Mart with her husband when she fell after

slipping on berries left on the floor in the automotive department.[2]  White injured her neck, hip,

lower back, and shoulder in the fall at Wal-Mart.[3]  Neither White nor her husband were able to

determine the origin of the berries or the length of time the berries were on the floor.[4]

On June 3, 2013, White filed suit against Wal-Mart in the 14th Judicial District Court for

the State of Louisiana.[5]  Wal-Mart removed the case to this court on September 4, 2013, pursuant

---

[1] The Fifth Circuit has stated that the briefs of *pro se* litigants are entitled both to a liberal construction and the application of less stringent standards in interpreting such litigants' arguments as opposed to briefs of those litigants represented by counsel. *Harris v. Barnhart*, 204 Fed. Appx. 447, 448 (5th Cir. 2006) (citing *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995)). *See also Taylor v. Comm'r*, 350 Fed. Appx. 913, 915 (5th Cir. 2009) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[2] Pet. for Damages [Doc. 1-1] ¶ II.

[3] *Id.* ¶ III; Mem. in Supp. of Mot. for Summ. J. [Doc. 11-1], at 1.

[4] Def.'s Ex. A, Dep. of Eva White [Doc. X], at 48, 52; Def.'s Ex. B, Dep. of Alvin White [Doc. X], 15-16.

[5] *See* Pet. for Damages [Doc. 1-1].

to the court's diversity jurisdiction under 28 U.S.C. § 1441.[6]  Wal-Mart then filed the instant

motion on October 27, 2014, alleging that White is unable to satisfy a *prima facie* case of

negligence.[7]

## LAW & ANALYSIS

A grant of summary judgment is appropriate where "the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a).  A dispute is said to be "genuine" only where a "reasonable jury

could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.*, No. 3:10-cv-699,

2012 U.S. Dist. LEXIS 24025, at *16 (W.D. La. Jan. 12, 2012) (citing *Fordoche, Inc. v. Texaco,

Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)).  "Rule 56[(a)] mandates the entry of summary judgment

. . . against a party who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial."

*Webber v. Christus Schumpert Health Sys.*, No. 10-1177, 2011 U.S. Dist. LEXIS 99235, at *14

(W.D. La. Sept. 2, 2011) (citing *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004)).

In determining whether to grant a motion for summary judgment, the motion "cannot be

granted simply because there is no opposition, even if the failure to oppose violated a local rule."

*Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.

1985) (citing *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709

(5th Cir. 1985)).  However, when faced with an absence of proof, there is no assumption made

that the nonmoving party could or would prove the necessary facts. *Little v. Liquid Air Corp.*, 37

F.3d 1069, 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).  Moreover, the

Local Rules for the Western District of Louisiana provide that "[a]ll material facts set forth in the

---

[6] Not. of Removal [Doc. 1] ¶ 9.
[7] Mem. in Supp. of Mot. for Summ. J. [Doc. 11-1], at 5.

statement required to be served by the moving party will be deemed admitted, for the purposes of

the motion, unless controverted as required by this rule." Unif. Loc. R. La. LR 56.2.  Therefore,

the facts submitted by Wal-Mart[8] are deemed admitted for purposes of determining whether to

grant Wal-Mart's Motion for Summary Judgment [Doc. 11].

Wal-Mart asserts that it is entitled to summary judgment because White is able to create

neither a genuine dispute as to a material fact over (1) whether Wal-Mart caused the berries in

question to be on the floor, nor over (2) whether Wal-Mart had any actual or constructive notice

of the berries on the floor.[9]  Louisiana Revised Statute 2800.6 provides that plaintiffs must

satisfy an additional burden of proof in negligence claims against merchants arising from a fall:

> [T]he claimant shall have the burden of proving, in addition all other elements of
> [her] cause of action, all of the following:
> (1) The condition presented an unreasonable risk of harm to the claimant and that
> risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the
> condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care.  In determining reasonable
> care, the absence of a written or verbal uniform cleanup or safety procedure is
> insufficient, alone, to prove failure to exercise reasonable care.

LA. REV. STAT. ANN. § 9:2800.6(B) (2013).

The plaintiff must prove all three of the above requirements, or her action will fail.  *White

v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1086 (La. 1997).  "To prove constructive notice, the

claimant must show that the substance remained on the floor for such a period of time that the

defendant merchant would have discovered its existence through the exercise of ordinary care."

*Id.*; LA. REV. STAT. ANN. § 9:2800.6(C)(1) (2013).

In support of its motion, Wal-Mart submitted an affidavit from an assistant manager at

the store, stating that no employee of Wal-Mart had actual knowledge of any berries on the floor

---

[8] *See* Statement of Uncontested Facts [Doc. 11-3].
[9] Mem. in Supp. of Mot. for Summ. J. [Doc. 11-1], at 5-6.

prior to White's fall.[10]  Additionally, White has not submitted any evidence that that Wal-Mart had actual notice of the berries on the floor.[11]  Therefore, there is no genuine dispute as to a material fact over whether Wal-Mart had actual notice of the berries on the floor.

There is also no genuine dispute as to a material fact concerning whether Wal-Mart had constructive notice of the berries on the floor.  White stated in her deposition that she had no knowledge of how long the berries were on the floor before her fall.[12]  White's husband made a similar statement in his deposition.[13]  In Wal-Mart's Statement of Uncontested Facts [Doc. 11-3]—which has been adopted by the court because of White's failure to respond to the motion—Wal-Mart states that there was no evidence of berries being on the floor prior to White's fall.[14]  This assertion has not been disputed by the plaintiff.  Therefore, there is also no genuine dispute as to a material fact over whether Wal-Mart had constructive notice of the berries on the floor.  Because White has not shown that Wal-Mart had actual or constructive notice of the berries on the floor, she has not met the requirements of a *prima facie* case against Wal-Mart.  Accordingly,

**IT IS ORDERED** that Wal-Mart's Motion for Summary Judgment [Doc. 11] be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned matter be and hereby is **DISMISSED, WITH PREJUDICE,** each party to bear their own costs.

Lake Charles, Louisiana, this _5_ day of _____, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[10] Def.'s Ex. C, Decl. of Alex "Von" Morris [Doc. 11-6] ¶ 8.
[11] *See, e.g.,*  Def.'s Ex. A, Depo. of Eva White [Doc. 11-4], at 12; and Def's Ex. B, Depo. of Alvin White [Doc. 11-5], at 9.
[12] Def.'s Ex. A, Depo. of Eva White [Doc. 11-4], at 11.
[13] Def.'s Ex. B, Depo. of Alvin White [Doc. 11-5], at 8-9.
[14] Statement of Uncontested Facts [Doc. 11-3] ¶ 11.

4